UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| **SENECA RESOURCES CORPORATION** | * | **CIVIL ACTION** |
| **VERSUS** | * | **NO. 05-250** |
| **SUPERIOR DIVING COMPANY, INC. AND USI GULF COAST, INC.** | * | **SECTION "L"(5)** |

## ORDER & REASONS

Pending before the Court is Defendant Osprey Underwriting Agency, Inc.'s ("Osprey") Motion to Reconsider Order Denying Motion for Partial Summary Judgment to Dismiss Physical Damages Claims, or Alternatively, to Certify that Order for Immediate Appeal Pursuant to 28 U.S.C. § 1292(b) (Rec. Doc. 122). For the following reasons, the motion is DENIED.

In its Order and Reasons dated April 25, 2006, the Court denied Osprey's motion for summary judgment finding that Seneca Resources Corporation's ("Seneca") contractual obligation to obtain physical damage insurance on its own property with a waiver of subrogation was not a contractual assumption of the risk of loss to its own property. Now, Osprey moves the Court to reconsider its Order and Reasons contending that the Court misinterpreted the law.

The facts of this case are detailed in the Court's Order and Reasons dated April 25, 2006. Therefore, rather than recount the factual background, the Court will proceed directly to the substance of these motions.

Since the Federal Rules of Civil Procedure do not specifically recognize a motion for reconsideration, such motions are treated as either a motion to alter or amend judgment under Rule 59(e) of the Federal Rules of Civil Procedure or a motion for relief from judgment or order

1

under Rule 60(b) of the Federal Rules of Civil Procedure. *See Ford v. Elsbury*, 32 F.3d 931, 937 (5th Cir. 1994); *Lavespere v. Niagra Mach. & Tool Works, Inc.*, 910 F.2d 167, 173 (5th Cir. 1990); Fed. R. Civ. P. 59(e), 60(b). If the motion is filed within ten days of the rendition of judgment, it shall be governed by Rule 59(e); if the motion is filed after ten days of the rendition of judgment, it shall be governed by Rule 60(b). *Lavespere*, 910 F.2d at 173. In the present case, the Court entered its ruling on April 25, 2006. Osprey's motion for reconsideration was filed on May 8, 2006. Accordingly, Osprey's motions was filed more than ten days after the Court's ruling and, as such, is subject to the standards of Rule 60(b).

Under Rule 60(b), a district court may reconsider an earlier order for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial; (3) fraud, misrepresentation, or other misconduct; (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged, or a prior judgment upon which it is based has been reversed or otherwise vacated, or it is no longer equitable that the judgment should have prospective application; or (6) any other reason justifying relief. Fed. R. Civ. Proc. 60(b).

In its motion, Osprey does not assert any new arguments or bring forth any new evidence, but instead, asserts that the Court erred in its Order and Reasons and should correct such error by means of reconsideration. After reviewing its Order, analyzing the parties' briefs, and researching the applicable law, the Court finds that it correctly resolved Osprey's prior motion and did not commit an error of law.

Furthermore, although not reaching this issue in its Order and Reasons, the Court finds that Osprey's position is also erroneous in light of the specific language of the Master Service

Agreement ("MSA").  Pursuant to Paragraphs 21(a)(4) and (i), Seneca was obliged to obtain physical damage insurance on its own property and have its insurer execute a waiver of subrogation in favor of Superior.  Pursuant to Paragraph 21(b), however, Seneca's obligation to obtain physical damage insurance on its own property "shall not reduce or limit the liabilities and indemnities assumed by [Superior]."  Paragraph 22 of the MSA provides:

> [Superior] shall use all reasonable efforts to perform the services in a manner which shall cause the minimum of inconvenience to, and shall avoid damaging interests and property of, landowners and tenants wherever involved.  [Superior] shall restore all damaged property to as good condition as before any damage occurred.  [Superior] shall assume all responsibility and risk in locating, crossing and avoiding contact with utility lines, pipelines, pole lines, sewers, water lines, cables, or other facilities, shall protect such facilities from damage during the performance of the work, and shall promptly repair any damage to such facilities that occurs.

In light of Paragraph 22, Seneca contends that Superior expressly agreed to avoid damaging property, to assume responsibility for restoring all damaged property, and to assume all responsibility for property damage occurring in its locating, crossing, and avoiding contact with utility lines, pipelines, pole lines, sewers, water lines, cables, or other facilities.  Therefore, according to Paragraph 22, Seneca argues that Superior specifically assumed liability for Seneca's property damage and, pursuant to Paragraph 21(b), the parties' insurance obligations cannot limit or reduce this express assumption.  Thus, Seneca contends that its obligation to obtain insurance on its own property was not an assumption of the risk of loss to that property.  Based on a reading of the relevant provisions and the applicable law, the Court agrees.

In opposition, Osprey first argues that Paragraph 22 is not a liability or indemnity as referenced by Paragraph 21(b).  Osprey argues that Paragraph 3(b) defines "Claims" as

3

"liabilities," and that the term "Claims" is used extensively throughout Paragraphs 12-20, which concern specific indemnities between the parties.  As such, when the term "liability" is used in Paragraph 21(b), it is actually referring to the liabilities assumed in Paragraphs 12-20, not Paragraph 22.  Also, Osprey points out that the heading of Paragraphs 12-20 all begin with "Indemnification."  As such, Osprey also argues that "indemnities" as used in Paragraph 21(b) actually refers to Paragraphs 12-20, not Paragraph 22.  Moreover, Osprey puts forth the argument that the terms "liabilities," "indemnities," and "Claims" are never used in Paragraph 22 and, thus, Paragraph 21(b) cannot be referring to Paragraph 22.  Lastly, Osprey asserts that Paragraph 21(b) cannot refer to Paragraph 22 because Paragraph 22 is numerically subsequent to Paragraph 21(b).  The Court finds that Osprey's arguments place form over substance and, as a whole, lack merit.

Second, to the extent that Paragraph 22 is a liability or indemnity provision, Osprey asserts that it only refers to third-parties.  According to Osprey, Paragraph 3(k) defines the terms "Premises of Company" and "Company's Premises" as:

> the site(s), craft, drilling unit, platform, and premises owned, chartered, operated, or leased (whether by surface lease, oil and gas lease, or otherwise), in whole or in part, by [Seneca], or the premises of a contractor of [Seneca] other than [Superior], identified in the respective Order or on which or in connection with which services covered by an Order are performed.

In Paragraph 22, the terms "landowners and tenants," not "Premises of Company" or "Company's Premises," are used.  According to Osprey, Seneca's use of "landowners and tenants," not "Premises of Company" or "Company's Premises," is evidence that Paragraph 22 was meant to inure only to the benefit of third-parties, not Seneca.  The Court disagrees.  Simply put, the term "landowners and tenants" includes Seneca.  "Landowners and tenants" is

4

broader in scope than "Premises of Company" or "Company's Premises," and includes more than just Seneca, but nonetheless, still includes Seneca, who was either a landowner or tenant. The use of a broad term does not exclude those that could have been covered by a narrow term.

Furthermore, the terms "landowners and tenants" is only used in the first sentence of Paragraph 22.  It is not used in the remaining two sentences.  Therefore, even if the terms "landowners and tenants" were to exclude Seneca from the obligations assumed by Superior in the first sentence, it would have no effect on the obligations assumed by Superior in the second and third sentences.

Lastly, as an alternative to reconsidering its Order and Reasons, Osprey moves the Court to certify this case for immediate appeal under 28 U.S.C. § 1292(b) contending that the present issue concerns a controlling question of law as to which there is substantial ground for difference of opinion and that an immediate appeal may materially advance the ultimate termination of litigation.  The Court disagrees and finds that this Order and Reasons does not warrant an interlocutory appeal.

For the foregoing reasons, Osprey's  Motion for Reconsideration and Interlocutaory Appeal is DENIED.

New Orleans, Louisiana, this __5th__ day of __September__, 2006.

_____
UNITED STATES DISTRICT JUDGE